540 A.2d 1208

**Barbara SHIFFLETT**

v.

**DEPARTMENT OF EMPLOYMENT AND TRAINING et al.**

No. 1189, Sept. Term, 1987.

Court of Special Appeals of Maryland.

May 12, 1988.

Rhonda Lipkin, Bel Air, for appellant.

Amy S. Scherr, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellees.

Argued before MOYLAN, GARRITY and ROSALYN B. BELL, JJ.

MOYLAN, Judge.

Hotly contested in this appeal is the propriety of a decision by the Board of Appeals of the Department of Employment and Training[1] that appellant, Barbara Shifflett, is ineligible for unemployment insurance benefits because she

---

1. The Department of Employment and Training is now succeeded by the Department of Economic and Employment Development. Acts of 1987, ch. 311 codified at Md.Ann.Code (1957, 1986 Repl.Vol., 1987 Cum.Supp.), Art. 41A, § 1–101 *et seq.*

voluntarily resigned from her job without "good cause" or "valid circumstances" within the meaning of Md.Ann.Code (1957, 1985 Repl.Vol., 1987 Cum.Supp.) Art. 95A, § 6(a).[2]

Appellant was employed by Baycraft Fiberglass Engineering, Inc., (hereinafter "Baycraft") from November 18, 1985, until August 7, 1986. Appellant was initially hired as a fiberglass laborer for Baycraft. This assignment, however, caused the appellant to experience sinus problems. Appellant complained to Baycraft about the problem after obtaining medical treatment. Baycraft thereupon transferred appellant to a position in its sanding operation.

Appellant was eventually promoted to the position of clerk quality inspector in Baycraft's shipping department. Her performance, however, was marred by frequent absences for which no medical excuse was provided. Appellant received several warnings regarding those absences. On August 6, 1986, she was informed that she had been demoted from quality inspector to sander because of her repeated absenteeism. Appellant's attendance problems caused Baycraft delays in its shipping operation.

On August 7, 1986, appellant failed to report to work. She informed a secretary at Baycraft, who telephoned her to inquire as to why she was not at work, that she "quit." On August 18, 1986, appellant filed a claim for unemployment insurance benefits. The claims examiner determined that appellant voluntarily left her employment with Baycraft without good cause. Therefore, appellant was disqualified from receiving unemployment insurance benefits.

Appellant appealed that decision and a hearing was held on September 29, 1986. The hearing examiner found that although appellant voluntarily left her employment without good cause, she had valid circumstances, within the meaning of § 6(a) of the Maryland Unemployment Insurance Law, for doing so and could thus be allowed benefits.

---

**2.** Unless otherwise indicated, all statutory references are to Md.Ann. Code (1957, 1985 Repl.Vol., 1987 Cum.Supp.), Art. 95A.

Aggrieved by that decision, Baycraft appealed to the Board of Appeals of the Department of Employment and Training. Based upon its review of the record, the Board reversed the determination of the hearing examiner. The Board concluded that the evidence was insufficient to constitute either good cause or valid circumstances. Accordingly, the appellant was disqualified for benefits pursuant to § 6(a). The Circuit Court for Harford County affirmed the decision of the Board of Appeals. This appeal followed. We are asked to decide:

1. Whether unrefuted testimony and documentary evidence provided by health care professionals that appellant left her employment with Baycraft for health-related reasons, mandates, as a matter of law, a finding pursuant to Art. 95A, § 6(a) of valid circumstances allowing appellant an award of benefits; and

2. Whether the Board erred, as a matter of law, in its application of Art. 95A, § 6(a) to appellant's case by evaluating her claim only under the work-connected prong of § 6(a).

Article 95A, § 6(a), in pertinent part, provides:

"An individual shall be disqualified for benefits:

(a) Voluntarily leaving work.—If the Executive Director finds that the individual's unemployment is due to his leaving work voluntarily without good cause. Only a cause which is directly attributable to, arising from, or connected with the conditions of employment or actions of the employer may be considered good cause. The individual's disqualification shall be effective for the week in which the unemployment began and shall continue (1) for not less than 4 nor more than 9 weeks immediately thereafter, according to the seriousness of valid circumstances as determined in each case by the Executive Director or (2) until the individual has become reemployed and has earnings in insured work equal to at least ten times his weekly benefit amount. Leaving work to be-

come self-employed, to accompany or join one's spouse in a new locality, or to attend an educational institution is neither good cause nor a valid circumstance for voluntarily leaving work. Only a substantial cause which is directly attributable to, arising from, or connected with the conditions of employment or actions of the employer, or another cause of such a necessitous or compelling nature that the individual had no reasonable alternative other than to leave the employment may be considered a valid circumstance. If the individual leaves his employment because of a circumstance relating to the health of the individual or another person who must be cared for by the individual, the individual must furnish a written statement or other documentary evidence of that health problem from a physician or hospital."

Appellant's initial complaint regarding her disentitlement to unemployment insurance benefits focuses upon the provision of § 6(a) that requires a physician's statement when health-related reasons have anything to do with the individual's resignation. Appellant contends that the Board of Appeals erroneously failed to award her benefits because it ignored the "clear proof requirements" of § 6(a). Appellant firmly asserts that she complied with the dictates of § 6(a) by providing written statements from health-care providers that indicated that she left Baycraft because of medical problems. Appellant argues that once that evidence is produced, the claimant should be found to have satisfied the valid circumstances prong of § 6(a) and awarded benefits. We disagree.

Certainly a health problem may constitute a valid circumstance, within the meaning of § 6(a), for leaving work. That does not mean, however, that mere compliance with the requirement of supplying a written statement or other documentary evidence of a health problem mandates an automatic award of benefits. Section 6(a) does not expressly or impliedly demand such a result.

In *Board of Education of Montgomery County v. Paynter,* 303 Md. 22, 29, 491 A.2d 1186, 1189 (1985), the Court of Appeals, with respect to § 6(a) stated:

"The provisions of § 6(a) are unambiguous and we need not go behind what the statute plainly says on its face to ascertain the legislative intent."

Section 6(a) makes clear that an individual is partially disqualified for benefits if his unemployment is due to leaving work voluntarily because of valid circumstances. *Paynter, supra.* The extent of the disqualification depends upon the Board's evaluation of the "seriousness" of valid circumstances. In making such an evaluation, the Board must determine what was the actual cause of unemployment. *Sinai Hospital of Baltimore, Inc. v. Department of Employment and Training,* 309 Md. 28, 522 A.2d 382 (1987). If, as in this case, the Board determines that the actual reason for separation from employment was something other than the claimed health problem, the Board must impose the disqualification from benefits.

Appellant's argument that the mere production of documentary evidence of health problems automatically mitigates the otherwise total disqualification from receipt of benefits, represents nothing more than an attempt to bypass the above-mentioned evaluative process that is a necessary part of the Board of Appeals determination as to whether benefits should indeed be allowed. In the instant case, the Board of Appeals considered the documentary evidence produced by the appellant and made a factual determination that appellant's real reason for leaving Baycraft was her dissatisfaction with the demotion and was not precipitated by her various health problems. There was substantial evidence to support the Board's decision. The Board's application of § 6(a) to the facts of appellant's case indicates that the appellant was properly denied benefits. We conclude that a reasoning mind could have reached the same conclusion that appellant was not entitled to receive benefits pursuant to § 6(a).

Appellant also contends the Board of Appeals erred in failing to properly evaluate her claim under the valid circumstances prong of § 6(a).[3] She argues that the Board did not differentiate between the findings that must be made to substantiate or to defeat a claim for good cause for resignation from employment and the findings necessary to substantiate or defeat a claim for valid circumstances for resignation from employment. Appellant contends that this is borne out by the fact that the Board required her to prove that her reasons for leaving her job were work-related—a requirement, she maintains, that is not relevant to a finding of valid circumstances.

What appellant conveniently overlooks is that the Board specifically found that even if the appellant had a valid circumstance for leaving her employment, she did not, as a matter of fact, leave for that reason but for a different and totally unrelated reason. This finding renders the question of whether the Board erroneously required appellant to prove something that was irrelevant to a determination of valid circumstances moot.

JUDGMENT AFFIRMED; COSTS OF PREPARATION AND FILING OF TRANSCRIPT OF TESTIMONY, PRINTED RECORD EXTRACT AND APPELLANT'S BRIEF TO BE PAID BY APPELLANT. ALL OTHER COSTS AND FEES TO BE PAID BY APPELLEES.

---

3. Appellant contends that the Board failed to make specific findings of fact and conclusions of law on each separate legal issue raised as required by § 7(f) of Art. 95A, COMAR 24.02.06.03B and 24.02.06.04C, and *Blue Bird Cab v. Maryland Department of Employment Security*, 251 Md. 458, 248 A.2d 331 (1967), and *State of Maryland Commission on Human Relations v. Malakoff*, 273 Md. 214, 329 A.2d 8 (1974). She contends that requiring the Board to make full, complete, and detailed findings would clarify its application of the legal standards for determining valid circumstances. After a careful perusal of the statute, case law, and regulations cited by appellant, we conclude the form of the Board's decision complied with its procedural rules as set forth in § 7(g), COMAR 24.02.06.04B and C and *Board of Education of Montgomery County v. Paynter*, 303 Md. 22, 491 A.2d 1186 (1985).